UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

        Plaintiff,

v.

JEFF STRINGHAM, et al.,

        Defendants.

Case No. 2:18-cv-00898-RAJ-BAT

**ORDER DENYING MOTION TO APPOINT COUNSEL**

Plaintiff Gabriel Eckard, proceeding *pro se* and *in forma pauperis*, is a former Washington Department of Corrections (DOC) inmate who has filed a 42 U.S.C. § 1983 civil rights action against several DOC officials and employees. Dkt. 8. Mr. Eckard now seeks Court appointed counsel. Dkt. 24. For the following reasons, the Court **DENIES** his motion.

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

Mr. Eckard maintains the Court should appoint counsel for him because he cannot afford to hire counsel, his detention will greatly limit his ability to litigate, the issues involved are complex and will require significant research and investigation, he has limited access to the law library and limited knowledge of the law, counsel will be better able to present his case at trial, and he is disabled and his "disability affects his ability to do the work involved in this case." Dkt. 24 at 1. Mr. Eckard also states that during his transfer to the Snohomish County Jail[1], he was unable to bring his legal materials and he does not have a copy of his complaint. *Id.*, pp. 1-2. In response to Mr. Eckard's claim that he is without his legal documents, Defendants sent Mr. Eckard copies of his complaint (Dkt. 6-1, 6-2[2]) Defendant's Answer (Dkt. 21), and the Court's Scheduling Order (Dkt. 22).

Mr. Eckard has not demonstrated the existence of "exceptional circumstances" to support his request for appointment of counsel. Both his complaint and the instant motion demonstrate his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. Although Mr. Eckard claims to be disabled, he has not identified the nature of his disability or explained how such disability impairs his ability to articulate his claims so the Court is not able to take this into consideration. Mr. Eckard's complaints regarding limited access to the law library and limited knowledge of the law are not exceptional circumstances as he fails to show how this places him in a position any different from other *pro se* prisoner plaintiffs.

In addition, this is not a complex case involving complex facts or law. The case involves the question of whether defendants failed to properly respond to Mr. Eckard's emergency

---

[1] Plaintiff is currently incarcerated in the Snohomish County Jail as a pretrial detainee on criminal charges in Snohomish County. Dkt. 25, p. 1; Dkt. 20.

[2] Re-filed at Dkt. 8.

requests for mental health care, denied him a pen, and denied him changes of linen and clothing as required by DOC policy. Dkt. 8. Moreover, Mr. Eckard has made no attempt to demonstrate that his complaint has merit.

Appointment of counsel is therefore not justified at this time, and the Court **DENIES** the motion (Dkt. 24). The Clerk shall provide a copy of this Order to plaintiff and counsel for defendants.

DATED this 16th day of November, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 3