UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                Plaintiff,

v.

JEFF STRINGHAM, et al.,

                Defendants.

Case No. 2:18-cv-00898-RAJ

**SECOND ORDER DENYING MOTION TO APPOINT COUNSEL**

      Plaintiff Gabriel Eckard, proceeding *pro se* and *in forma pauperis*, is a former Washington Department of Corrections (DOC) inmate who has filed a 42 U.S.C. § 1983 civil rights action against several DOC officials and employees. Dkt. 7. Plaintiff has filed a second motion for appointment of Counsel. Dkt. 34. For the following reasons, the Court **DENIES** his motion.

      There is no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). Counsel is appointed under 28 U.S.C. § 1915(e)(1), only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Plaintiff requests appointment for counsel claiming he cannot afford to hire counsel, his detention greatly limits his ability to litigate, the issues involved are complex and will require significant research and investigation, he has limited access to the law library and limited

SECOND ORDER DENYING MOTION TO APPOINT COUNSEL - 1

knowledge of the law, he has mental health issues and needs more time to respond to motions filed by defendant. Plaintiff fails to show there are "exceptional circumstances" to appoint counsel. His complaint, the instant motion, and other motions he has filed demonstrate his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. Plaintiff's claimed limitations has not impaired his ability to articulate his claims thus far and his complaints regarding limited access to the law library and limited knowledge of the law are not exceptional circumstances as he fails to show how this places him in a position any different from other *pro se* prisoner plaintiffs. The Court also notes that since filing this complaint plaintiff has filed eight other complaints in this court. His *pro se* status is not a barrier.

This is not a complex case. It involves whether defendants failed to properly respond to plaintiff's request for outside yard and cleaning supplies. Dkt. 7. The Court accordingly **DENIES** the motion (Dkt. 34). The Clerk shall provide a copy of this Order to plaintiff and counsel for defendants.

DATED this 14th day of March, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge